ESTATE OF VICKMAN: VICKMAN, Appellant, v. CHRISTEN-
SEN and others, Respondents.

*December 2, 1958—January 2, 1959.*

50

For the appellant there was a brief by *Duffy, Dewane, Miller & Gerlikowski* of Green Bay, and oral argument by *Edwin A. Gerlikowski* and *William J. Duffy*.

For the respondents there was a brief by *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *Fred F. Kaftan*.

BROWN, J.   The legal principles governing the requirements of evidence sufficient to establish undue influence are well known. Within a year we reviewed them in *Estate of Fuller* (1957), 275 Wis. 1, 81 N. W. (2d) 64, in which there, too, an effort was made by contestants to interpret acts of kindness as schemes to warp the will of a dying woman.

Findings of the trial court must be affirmed unless contrary to the great weight and clear preponderance of the evidence. Undue influence is not to be proved but by clear, convincing, and satisfactory evidence. *Estate of Fuller, supra,* and cases there cited at page 5. Credibility of witnesses, the weight to be given their testimony, and inferences to be drawn from the evidence are functions of the trial court.

The trial court in the present instance filed a written decision in which he stated that the contesting parties had almost forgotten the idea that Mrs. Vickman had an inherent right to make a will and dispose of property as her sound mind dictated. We quote from the court's decision:

"There isn't one bit of evidence that Alma Vickman was incompetent nor unquestionably subject to undue influence, on the day the will was executed nor on any day prior thereto. . . .

"There wasn't any medical testimony nor testimony from any lay witnesses that would convince the writer that Alma was unquestionably subject to undue influence.

"In the same way I am constrained to hold that the result does *not* clearly appear to be the effect of supposed influence. . . ."

The court made findings of fact that the will was executed in accordance with law; that there was no evidence produced at the trial of mental incompetency; and that Alma Vickman was not a person subject to undue influence. Its order carried out these findings by admitting the will to probate.

The appellant's entire case rests upon the repeated allegation by contestant that someone had poisoned Mrs. Vickman's mind before she made her will and had become convinced that Mr. Vickman was a moral degenerate and a depraved person. Wherefore she turned upon him and deprived him of his just share in his wife's estate. This is based on an inference derived from the direction in the will forfeiting the apartment if John shall have anyone come to live with him. Appellant construes this to mean that slander has deceived his wife by convincing her that Vickman's character disposed him to take a mistress.

Here is that portion of Mrs. Vickman's will which refers to her husband:

"I provide that my husband, John Vickman, shall have the right to live in the lower apartment at 1888 Shawano avenue, Green Bay, Wisconsin, and the right to use my household furniture and goods while living there, for the rest of his life, without the necessity of paying any rent therefor or real-estate taxes thereon or to pay for the upkeep of said place. If my said husband shall cease to live at said apartment his right in the said apartment, furniture, and household goods shall cease; and shall also cease if my said husband shall remarry or have anyone come to live with him."

When testatrix made her will she was fifty-five years old. Mr. Vickman had been married to her for twenty years and he was now sixty-five years of age. For many years he had been a victim of arthritis. Counsel is unsuccessful in inducing us to believe that the expression of this bequest manifests Mrs. Vickman's opinion that her arthritic old spouse is prone to pass his declining years in romantic adventure in Mrs. Vickman's apartment with a concubine.

The appeal to morality is diminished even more when we observe that the consequences to Mr. Vickman are exactly the same, according to the will, whether he takes a wife or a paramour. In counsel's interpretation of the will, Mrs. Vickman disapproves one as much as the other. So we discard appellant's argument that undue influence had created in Mrs. Vickman's mind a belief in her husband's depravity. We see, simply, one more example of the tenacious grip of the dead hand.

In our own search of the record we found only one of the four essentials which appellant must establish by clear and convincing evidence,—that of *opportunity* to exercise influence and accomplish a wrongful purpose.

The trial court's findings of fact accord with our own view of the evidence. They are not contrary to the great weight and clear preponderance of the evidence. The order admitting the will should be affirmed.

*By the Court.*—Order affirmed.